# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| Hilton Barjolo, | ) |
| | ) |
|     Plaintiff, | )  Case No.: |
| | ) |
| v. | ) |
| | ) |
| Community Living Services Inc., | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Hilton Barjolo brings this case against Defendant Community Living Services Inc. ("Community") seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

3. Plaintiff Hilton Barjolo is an adult resident of Des Moines, Iowa. From approximately January 2015 through November 2015, Plaintiff worked for Defendant as a caregiver. Plaintiff was not paid overtime compensation at a rate of one and one-half times his regular hourly rate of pay for hours he worked in excess of 40 in a workweek even though he regularly worked more than 40 hours in a workweek.

4. Defendant is a domestic profit corporation located in Urbandale, Iowa which provides Supported Community Living services to intellectually and mentally disabled individuals.

5. At all relevant times, Defendant was an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

6. At all relevant times, Defendant has employed two or more persons, including Plaintiff, engaged in commerce as defined in § 203(s)(1)(A)(i).

7. At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

8. Defendant issued paychecks to Plaintiff during his employment.

9. Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from him.

10. Defendant did not pay Plaintiff overtime compensation at a rate of one and one-half times his regular hourly rate of pay for hours he worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

11. Plaintiff worked for Defendant as a caregiver to intellectually and mentally disabled individuals to whom Defendant provided Supported Community Living services.

12. At all relevant times, Plaintiff was paid on an hourly basis.

13. Plaintiff was classified by Defendant as an exempt employee and was not paid overtime compensation at a rate of one and one-half time his regular rate of pay for hours he worked in excess of 40 in a workweek.

14. Defendant tracked Plaintiff's hours by requiring him to clock in and out using a biometric fingerprint time clock.

15. During the relevant time period, Plaintiff regularly worked more than 40 hours per week and often in excess of 60, 70 or even 80 hours in a workweek. He did not receive overtime compensation at a rate of one and one-half times his regular hourly rate for hours worked over 40 in a workweek.

16. Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to him.

17. Defendant acted willfully in failing to pay Plaintiff overtime compensation at a rate of one and one-half Plaintiff's regular hourly rate for hours he worked over 40 in a workweek. Defendant knew or should have known that Plaintiff was non-exempt and that he should have been paid overtime compensation at a rate of one and one-half times his regular hourly rate for all hours worked over 40 in a workweek.

## COUNT I - FAIR LABOR STANDARDS ACT

18. Plaintiff re-alleges and incorporate by reference the preceding paragraphs as if alleged fully herein.

19. As set forth above, Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay owed to him during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

20. Defendant's misclassification of Plaintiff as an exempt employee, and Defendant's failure to pay Plaintiff in accordance with the requirements of Section 207 of the FLSA, was in willful disregard of the overtime wage compensation requirements of the FLSA.

## JURY DEMAND

21. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. An award of all damages for unpaid wages and compensation due to Plaintiff under the FLSA;

B. An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C. A finding that Defendant's violations of the FLSA have been willful and that, therefore, the statute of limitations for the FLSA claim is three years;

D. Attorneys' fees and costs;

E. Pre- and post-interest; and

F. Any other relief to which Plaintiff may be entitled.

Dated: February 28, 2018

Respectfully submitted,

*/s/ Michael J. Carroll*_____
Michael J. Carroll  AT0001311
Coppola, McConville, Coppola,
Carroll, Hockenberg & Scalise, P.C.
2100 Westown Parkway, Suite 210
West Des Moines, Iowa 50265
Telephone: 515-985-7571
Facsimile: 515-608-2638
Michael@wdmlawyers.com
*Attorneys for Plaintiff*